UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-327(DSD/JJG)

Instrumental, Inc.

Plaintiff

v.                                              **ORDER**

Sun Microsystems Federal,
Inc., a California corporation,
David Kaufman and David Low,

Defendants.

John J. Laravuso, Esq., Daniel N. Sacco, Esq. and
Lindquist & Vennum, 4200 IDS Center, 80 South Eighth
Street, Minneapolis, MN 55402, counsel for plaintiff.

Roy A. Ginsburg, Esq., Clifford S. Anderson, Esq. and
Dorsey & Whitney, 50 South Sixth Street, Suite 1500,
Minneapolis, MN 55402, counsel for defendants.


This matter came on for hearing on February 13, 2009, upon

plaintiff's motion for a temporary restraining order.  Plaintiff

and defendants appeared through counsel.  Based upon a review of

the file, record and proceedings herein, and the arguments of

counsel at the hearing, the court denied plaintiff's motion with

this written order to follow.

This dispute arises out of the resignation of employment by

defendants David Kaufman ("Kaufman") and David Low ("Low") from

plaintiff Instrumental, Inc. ("Instrumental").  Instrumental, a

Delaware corporation with its principal place of business in

Minnesota, provides computer systems design, integration and

installation consulting services to the national high-performance computing market. (Payne Aff. ¶ 3.) Kaufman and Low began working for Instrumental in 2002 and 2003 respectively as lead technologists. (Id. ¶¶ 5, 6.) Their employment contracts contain non-compete clauses that prohibit them for one year following termination of their employment from being "connected with, as an [employee,] any business or entity whose products or services or proposed products or services compete or would compete directly or indirectly with those of [Instrumental]." (Id. ¶ 7.) Their contracts also prohibit disclosure of certain proprietary information and contain Minnesota choice-of-law provisions. (Id. ¶¶ 8, 9.)

In 1999, Instrumental entered a Subcontractor Master Consulting Agreement ("Agreement") with Sun Microsystems Federal, Inc. ("Sun"), a California corporation with its principal place of business in California. Paragraph 13 of the Agreement prohibits Sun from hiring any Instrumental employee for twelve months following that employee's commencement of work on a Sun project. After expiration of the twelve-month period, Sun has "the right to convert" the employee. (Ct. Ex. 1 ¶ 13.) The Agreement also contains a provision giving Sun ownership rights to certain intellectual property developed by Instrumental in the performance of the Agreement. (Id. ¶ 9.) Paragraph 25 provides that the Agreement is governed by California law. (Id. ¶ 25.)

Instrumental subcontracted with Sun to work on a Department of Defense initiative called the Jewel Project.  Kaufman and Low worked almost exclusively on the Jewel Project throughout their employment with Instrumental.  (Payne Aff. ¶¶ 15, 16.)  In January 2009, Kaufman and Low gave Instrumental notice of their resignations.  Both individuals stopped working for Instrumental on Friday, February 6, 2009, and began working for Sun on the Jewel project the following Monday.

Instrumental filed a state court action seeking declaratory relief and asserting claims for breach of contract against Kaufman and Low, and tortious interference of contract against Sun. Defendants removed the action to this court on February 11, 2009, and Instrumental moved for a temporary restraining order the following day.  After a hearing, the court denied Instrumental's motion from the bench on February 13, 2009.[1]  In so ruling, the court relied on the four familiar factors set forth in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir.

---

[1] Low lives and works in California.  Kaufman lives in Wisconsin and works in California.  As noted on the record, the court has personal jurisdiction over the individual defendants because they should have reasonably anticipated being haled into court here based on their employment-related contacts with Minnesota. See Miller v. Nippon Carbon Co., 528 F.3d 1087, 1090–91 (8th Cir. 2008) ("Sufficient contacts exist [to establish personal jurisdiction] when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." (quotation omitted)).

1981) (en banc).   Specifically, the court determined that Instrumental had not met its burden of establishing the need for the extraordinary remedy of temporary injunctive relief because the balance of harms, likelihood of success on the merits and the public interest essentially weigh equally in favor of Instrumental and defendants.   The court will hold a hearing for a preliminary injunction on February 27, 2009, at 9:00 a.m.   Defendants' response briefs and other materials are due on February 19, Instrumental's reply is due on February 25, and any additional response by defendants is due on February 26.

Accordingly, **IT IS HEREBY ORDERED** that Instrumental's motion for a temporary restraining order [Doc. No. 2] is denied.

Dated:   February 17, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court